**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| KOLCRAFT ENTERPRISES, INC., | ) | Case No. 14 cv 7201 |
| Plaintiff, | ) | Judge |
| v. | ) | Magistrate Judge |
| THE MDB FAMILY D/B/A NURSERY WORKS, | ) | **JURY DEMAND** |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, KOLCRAFT ENTERPRISES, INC. ("Kolcraft" or "Plaintiff"), by and through its attorneys, Offices of Catherine Simmons-Gill, LLC, and for its claim against defendant, THE MDB FAMILY D/B/A NURSERY WORKS ("MDB" or "Defendant"), states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this controversy pursuant 28 U.S.C. §§ 1331 and 1338(a) since it is a civil action involving a federal question related to claims of trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended ("Lanham Act," 15 U.S.C. §1051 *et seq*.). Additionally, this Court has original jurisdiction over this controversy under 15 U.S.C. § 1121 since it is a civil action involving trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125, respectively. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367(a).

1

2. This Court has personal jurisdiction over Defendant because Defendant does business in the State of Illinois and in this judicial district.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) since the Defendant is actively doing business in this state and jurisdiction and because confusion and damage is occurring in this state and jurisdiction.

## NATURE OF THE ACTION

4. This is a seven-count (7) complaint for: (1) trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) trademark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) initial interest confusion in violation of § 1125(d) of the Lanham Act; (5) deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; (6) consumer fraud and deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*; and (7) common law unfair competition, including unfair competition as recognized in the Illinois Trademark Registration and Protection Act, 765 ILCs 1036/80.

## PARTIES

5. Kolcraft Enterprises, Inc. ("Kolcraft" or "Plaintiff") is a Delaware corporation with its principal place of business at 1100 West Monroe Street, Chicago, IL 60607.

6. Kolcraft is a wholesaler and distributor of baby and child related products, including, among other things, bassinets, cribs, strollers, perambulators, walkers, mattresses, and other infant and child products and furniture.

7. MDB is, on information and belief, a California business entity, with its principal place of business at 841 Washington Boulevard, Montebello, CA 90640.

8. On information and belief, MDB designs and sells children's furniture in direct competition with Plaintiff.

**FACTS COMMON TO ALL COUNTS**

9. Kolcraft owns the following four (4) federally registered trademarks that either consist exclusively of or contain the mark CONTOURS: (1) CONTOURS (Reg. No. 3,636,417) for "mattresses for children's products, mattresses for bassinets; mattresses for cribs"; (2) CONTOURS (Reg. No. 3,281,004) for "strollers" in International Class 12 and "furniture for children and infants, namely high chairs, bassinets and cradles" in International Class 20; (3) CONTOURS OPTIMA (Reg. No. 4,017,229) for "strollers"; and (4) CONTOURS BLISS (Reg. No. 4,335,564) for "baby strollers." ("CONTOURS MARKS" or "the Marks"). Additionally, Kolcraft has two (2) pending applications at the United States Patent and Trademark Office ("USPTO") for: (1) the mark CONTOURS LOVE (Ser. No. 86/183,270) for infant carriers worn on the body, which is the subject of a recently allowed application; and (2) the mark CONTOURS COCOON (Ser. No. 86/297,800). A copy of the United States Patent and Trademark Office ("USPTO") Trademark Electronic Search System ("TESS") status reports for the foregoing registrations and applications are attached hereto as **Exhibits A through F**, respectively.

10. Kolcraft has used the CONTOURS MARKS in commerce since at least as early as January 2006 on strollers.

3

11. Plaintiff currently uses the CONTOURS MARKS on bassinets, strollers, and other products.

12. Plaintiffs' Marks are highly recognized by the public and serve to identify the source of the goods and services belonging to Plaintiff.

13. Due to Plaintiffs' long use of and goodwill in its name and Marks, as well as significant advertising in multiple media and promotional activities, the CONTOURS MARKS have achieved widespread acceptance and recognition for use in connection with various baby's and children's products, including bassinets ("Products"). Both the consuming public and retailers of baby's and children's furniture and baby products readily recognize Kolcraft's CONTOURS MARKS throughout the United States.

14. By virtue of Plaintiff's adoption and continuous use of the CONTOURS MARKS since at least as early as January of 2006 for the goods recited above, Kolcraft has the exclusive right to use the term on the Products.

15. On information and belief, MDB designed and is currently marketing a child's crib under the name "Contour Crib" ("Infringing Mark"). According to the Nursery Works website, the Contour Crib is available for preorder and will begin shipping on October 30, 2014 to retail stores and consumers, including at least one retail store in Illinois, namely "Twinkle Twinkle Little One" in Chicago, IL. *See* http://www.nurseryworks.net/contour-crib, attached hereto as **Exhibit G**. Defendant's Contour Crib is or will shortly be available across the United States, including in Illinois.

16. The same segment of the consuming public is interested in both Plaintiff's and Defendant's products.

17. The parties attend the same industry shows.

18. Accordingly, Defendant's use of the Infringing Mark is an infringement of Plaintiff's rights in the Marks.

19. Information on both Plaintiff's and Defendant's products are widely available on the Internet, including Plaintiff's CONTOURS products and Defendant's "Contour Crib," which has been chronicled in numerous blog and news websites.

20. A search via the Google search engine for the term "contour crib" brings up both Plaintiff's and Defendant's products. *See* **Exhibit H** attached hereto.

21. Defendant's use of "Contour" as a name for its crib gives a false impression and misleads the consuming public and retailers alike that its crib bearing the Infringing Mark is, in fact, Plaintiffs' product, or that there is otherwise a connection or association between Plaintiff and Defendant and their respective products.

22. Further, Defendant's use of the Infringing Mark has resulted in a likelihood of confusion among retailers and the consuming public as to the source of Defendant's crib.

23. Plaintiff actively polices the Marks and is aware of no other current users of the words "contour" or "contours" for the Products other than itself and Defendant.

24. On August 25, 2014, Catherine Simmons-Gill, counsel for Plaintiff, wrote to Mr. Teddy Fong, co-CEO of MDB, at Defendant's registered address, informing him of Defendant's infringing and unfairly competitive activities and requesting that MDB cease use of the name and term "contour" in connection with a crib. *See* Letter of Simmons-Gill to Mr. Fong dated August 25, 2014 attached hereto as **Exhibit I** ("the Letter").

25. On August 26, 2014, Defendant's counsel responded that it was unwilling to give up its use of the name "Contour" for its crib.

26. Accordingly, Plaintiff brings this suit to assert its longstanding rights in its CONTOURS MARKS, and to respectfully request the relief sought below.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF § 32 OF THE LANHAM ACT

27. Plaintiff repeats and realleges the allegations of Paragraphs 1-26 of the complaint as if fully set forth herein.

28. Federal registration of the CONTOURS MARKS puts Defendant on constructive notice of the rights of Plaintiff. *See* Section 7(c) of Lanham Act, 15 U.S.C. § 1057(c).

29. Without Plaintiff's consent, Defendant is using in commerce the Infringing Mark "Contour" in connection with Defendant's product, which is a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's federally registered CONTOURS MARKS. By this use, Defendant is creating a likelihood of confusion, mistake, and/or deception in violation of 15 U.S.C. § 1114(1)(a).

30. Without Plaintiff's consent, Defendant is using in commerce the Infringing Mark in connection with promotional and advertising materials issued to retailers and consumers, including but not limited to: (1) materials available on the Internet; (2) point of purchase materials; and (3) user's manuals. Such use in advertising and promotion is causing a likelihood of confusion, mistake, and/or deception in violation of 15 U.S.C. § 1114(1)(b).

31. Defendant committed the foregoing acts with constructive and actual knowledge that such imitation, reproduction, counterfeiting and/or copying of the CONTOURS MARKS is

intended to cause confusion, mistake, and/or deception. Accordingly, Defendant's commission of such acts constitutes willful violations of 15 U.S.C. § 1114.

32. Defendant's acts have caused irreparable damage to Plaintiff, and, unless enjoined by this Court, will continue to cause irreparable damage to Plaintiff by causing loss of and damage to its sales, profits, business, reputation, and goodwill, as well and other losses, many of which are virtually impossible to calculate. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## **COUNT II**

### **FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF § 43 OF THE LANHAM ACT**

33. Plaintiff repeats and realleges the allegations of Paragraphs 1-32 of the complaint as if fully set forth herein.

34. Defendant's use in commerce of the Infringing Mark on and in connection with its child's crib constitutes a false designation of origin and a false or misleading description or representation of fact which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of the Defendant's s product by Plaintiff in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Plaintiff first used the CONTOURS MARKS in commerce on and in connection with its Products at least as early as January 2006 and the Mark has been distinctive to the Products since long before Defendant began using "Contour" in connection with its crib.

36. Plaintiff's longstanding and widespread promotion and use throughout the United States of the CONTOURS MARKS in Internet materials, at trade shows, in sales calls, and in

other advertising and promotional materials, together with the fact that Defendant directly competes with Plaintiff in the baby's and children's product area indicates that Defendant used the Infringing Mark with knowledge of Plaintiff's rights, and with an intent to cause mistake and/or to deceive. Such acts constitute willful violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendant's acts have caused irreparable damage to Plaintiff, and, unless enjoined by this Court, will continue to cause irreparable damage to Plaintiff by causing loss of and damage to its sales, profits, business, reputation, and goodwill, as well and other losses, many of which are virtually impossible to calculate. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION
### IN VIOLATION OF § 43(a) OF THE LANHAM ACT

38. Plaintiff repeats and realleges the allegations of Paragraphs 1-37 of the complaint as if fully set forth herein.

39. Defendant's use in commerce of the Infringing Mark on and in connection with the promotion, advertising, and sale of its child's crib constitutes a misleading description or representation of fact about the nature, characteristics, or qualities of Defendant's product.

40. Defendant's acts have caused irreparable damage to Plaintiff, and, unless enjoined by this Court, will continue to cause irreparable damage to Plaintiff by causing loss of and damage to its sales, profits, business, reputation, and goodwill, as well and other losses, many of which are virtually impossible to calculate. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT IV

### INITIAL INTEREST CONFUSION
### IN VIOLATION OF § 1125(d) OF THE LANHAM ACT

41. Plaintiff repeats and realleges the allegations of Paragraphs 1-40 of the complaint as if fully set forth herein.

42. Federal courts have recognized the risk of initial interest confusion in the context of Internet searches. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1062 (9th Cir. 1999) ("the use of another's trademark in a manner calculated 'to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion, may be still an infringement'"); *see also Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) ("[c]ustomers believing they are entering the first store rather than the second are still likely to mill around before they leave. The same theory is true for websites").

43. On information and belief, online consumers of child's furniture products seeking Plaintiff's Products in connection with its CONTOURS MARKS will likely be misled to Defendant's infringing products and otherwise experience initial interest confusion.

44. Defendant's acts have caused irreparable damage to Plaintiff, and, unless enjoined by this Court, will continue to cause irreparable damage to Plaintiff by causing loss of and damage to its sales, profits, business, reputation, and goodwill, as well and other losses, many of which are virtually impossible to calculate. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## COUNT V

### ILLINOIS DECEPTIVE TRADE PRACTICES ACT

45. Plaintiff repeats and realleges the allegations of Paragraphs 1-44 of the complaint as if fully set forth herein.

46. Defendant's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and constitute willful violations of that Act.

## COUNT VI

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47. Plaintiff repeats and realleges the allegations of Paragraphs 1-46 of the complaint as if fully set forth herein.

48. Defendant's acts violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and constitute willful violations of that Act.

## COUNT VII

### ILLINOIS COMMON LAW COMPETITION

49. Plaintiff repeats and realleges the allegations of Paragraphs 1-48 of the complaint as if fully set forth herein.

50. Defendant's acts constitute unfair competition under the common law of the State of Illinois, including unfair competition, as recognized by the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/80.

**PRAYER FOR RELIEF**

WHEREFORE, Kolcraft Enterprises, Inc. respectfully requests that this Court:

(a) enter a preliminary and permanent injunction enjoining Defendant and its parents, affiliates, related companies, officers, agents, servants, employees, attorneys, and those persons and companies in active concert or participation with them, from continuing acts of trademark infringement, unfair competition, and from further violations of any applicable federal and state laws, including but not limited to those cited herein;

(b) order Defendant to pay damages adequate to compensate Plaintiff for Defendant's acts of trademark infringement, unfair competition, and violations of the federal and state laws cited herein, and a proper amount of punitive and exemplary damages;

(c) order Defendants to pay three times such damages pursuant to 15 U.S.C. § 1117;

(d) assess interest upon damages so computed, including prejudgment interest;

(e) order Defendant to recall all products bearing the Infringing Mark still in the inventory of its retailer customers and to re-label and/or destroy and/or take down any advertising or promotional materials;

(f) award Plaintiff attorneys' fees, costs, and expenses in this action; and

(g) order such other and further relief as the Court deems necessary and proper.

Plaintiffs hereby request trial by jury on all issues so triable.

Dated: September 16, 2014

                                                Respectfully Submitted,

                                                <u>s/Catherine Simmons-Gill</u>

                                                Catherine Simmons-Gill, Esq.
                                                Offices of Catherine Simmons-Gill, LLC
                                                111 West Washington Street
                                                Suite 1051
                                                Chicago, IL 60602
                                                Tel: 312 609 6611
                                                simmonsgill@gmail.com
                                                ARDC Number 2159058